UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SHANNON NEWMAN, | Case No.: 3:24-cv-00442-JR |
| Plaintiff, | |
| v. | ORDER |
| LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company, | |
| Defendant. | |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jolie A. Russo issued a findings and recommendation ("F&R") in this case on March 24, 2026, recommending that plaintiff's motion for spoliation should be denied and defendant's motion for summary judgment should be granted. Plaintiff Shannon Newman filed objections to the F&R, arguing that the F&R improperly recommends (1) excluding the expert testimony of Dr. Amanda Stone; (2) denying spoliation sanctions for defendant Lowe's Home Centers, LLC's destruction of surveillance video; and (3) granting summary judgment based on the resulting evidentiary gaps. Defendant responded in opposition to each of these objections. This matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

**LEGAL STANDARDS**

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a magistrate judge issues a findings and recommendation report, and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.* No specific standard of review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). However, the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and

1

recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Parties may also file objections to a magistrate judge's order on a nondispositive matter within fourteen days of the order's issuance. Fed. R. Civ. P. 72(a). "When a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.'" *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)). "'An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).

## DISCUSSION

The Court has carefully considered plaintiff's objections and reviewed the pertinent portions of the record de novo. While the Court declines to adopt the entirety of the F&R's analysis on Dr. Stone's expert report, it agrees nonetheless with the F&R's ultimate recommendations.

The F&R recommends excluding Dr. Stone's conclusion that "it is more likely than not that a contaminant was present on the floor at the time of Mr. Newman's incident which reduced the floor's available coefficient of friction." Rep. of Amanda Stone ("Stone Rep."), ECF 44-2, at 12; *see* F&R, ECF 46, at 11. This Court declines to adopt the portion of the F&R excluding this opinion for failure to identify the appropriate coefficient of friction. *See* F&R 10-11. However, Dr. Stone's conclusion is not based entirely on the coefficient of friction analysis, but also on her finding that "it is unlikely the contaminant was tracked in via [plaintiff's] own shoes" because plaintiff "had walked throughout the store and down several aisles before his incident occurred." Stone Rep. 10. Defendant argued that the Court should strike this portion of the report for lack of foundation. *See* Def. Am. Reply to Mot. Summ. J., ECF 40, at 2 (arguing that Dr. Stone "lacks any expertise to opine as to how a substance could be transported throughout the store."). The Court agrees. Dr. Stone does not provide any methodology or evidence-based analyses to support this conclusion, and the Court sees no basis for this conclusion beyond speculation. "Rule 702's 'sufficient facts or data' element requires foundation," and Dr. Stone has not offered sufficient foundation

to support her conclusion that a contaminant was more likely present on the floor than it was tracked in on plaintiff's shoe. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022) (quoting Fed. R. Civ. P. 702). The Court therefore agrees with the F&R's recommendation regarding the exclusion of Dr. Stone's conclusion "that it is more likely than not that some unknown contaminant was on the floor at the time of the incident." F&R 11.

Aside from the portion described above, the Court finds no basis to modify the F&R. Upon careful consideration of plaintiff's objections and de novo review of the underlying record, the Court is otherwise in agreement with the portions of the F&R to which plaintiff objects and finds no clear error in the remainder of the F&R. [1]

## CONCLUSION

Having undertaken a de novo review of the record as it relates to plaintiff's objections, as well as a review for clear error of the portions of the F&R to which plaintiff does not object, the Court ADOPTS the F&R, ECF 46, as described above. Defendant's motion for summary judgment, ECF 20, is GRANTED and plaintiff's motion for imposition of sanctions for spoilation of evidence, ECF 25, is DENIED. Plaintiff's objections to Judge Russo's March 30, 2026 sealing order, ECF 51, are DENIED as moot.

IT IS SO ORDERED.

DATED this 2nd day of July, 2026.

_____
Adrienne Nelson
United States District Judge

---

[1] Aside from the objections described above, plaintiff also filed timely objections to Judge Russo's March 30, 2026 order granting defendant's sealing motions and denying plaintiff's motion to unseal the summary judgment record, ECF 51. Plaintiff argued that the sealing order was premature and should have been held in abeyance pending this Court's resolution of plaintiff's F&R objections. Because this Court now adopts the F&R's recommendations, plaintiff's sealing objections are denied as moot.